# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-00729 |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Sidney Keys for leave to commence this civil action without prepayment of the required filing fee.[1] [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1]The Court notes plaintiff Sidney Keys has previously filed twenty (20) in forma pauperis civil cases in this Court, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by plaintiff, dismissed upon a Fed.R.Civ.P. 12(b)(6) motion, or dismissed for failure to comply with a Court order. Plaintiff has five new civil filings that have not yet been reviewed by the Court pursuant to 28 U.S.C. § 1915.

1

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against the State of Missouri and Governor Parsons. [ECF No. 1]. Although plaintiff has filed his complaint on a court-provided form, his allegations are somewhat difficult to discern. Plaintiff has written across page five of the complaint form, making his allegations hard to read. The Court will attempt to replicate plaintiff's allegations in their entirety for ease of reference:

1. The St. Louis County Court fabricate court documents in the illegal obtaining custody of my son [T.M.K]. Judge Frawley, Judge Prebic, Judge John Ross, and Judge Walsh, M. J. Crawford, they kidnapped T.M.K. Why would it take 4 different judges to complete a child custody battle and case that took a year to finish. They kept on transferring the case until they got a crooked judge, Judge Frawley.[2]
2. The illegal arrest of my cousin Zachary Keys and illegal transfer [of] Zack to an all-white inmate jail to be raped by white inmates because Zach as an African American that had intercourse with a white woman transferred from St. Louis City Jail to a white southern jail.[3]

---

[2]To the extent plaintiff is seeking review over child custody matters, this Court lacks jurisdiction to review such claims under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

[3]To the extent plaintiff is attempting to bring claims on behalf of others in this Court, as it appears he is doing in several of his claims, he has no standing to do so. Standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during litigation. *Delorme v. U.S.,* 354 F.3d 810, 815 (8th Cir. 2004). In general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law,* 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). And the general rule in this Circuit is that non-attorney parents cannot litigate pro se on behalf of their minor children. *See Crozier for A.C. v. Westside Community School District*, 973 F.3d 882,

3. The illegal arrest of my son S.K. by Richmond Heights Police and transferred to St. Lous City Jail where he was held for 7 days without being charged and sexually. . .assaulted in St. Louis City Jail because he had intercourse with a white female classmate at Parkway North High School
4. The sexual and molest[ation] [of] my second-grade son in Craig Elementary School restroom by St. Louis County Officer Dave
5. The Sexual Assault of Terry Moore African American that was illegally accused of raping a white woman which was false. Terry was raped in . . .and then murder[ed] in a premediated police chase
6. The State of Missouri made me pay child support and I was the custodial parent
7. Dr. Knight Principle [sic] at McKelvey Elementary put my second-grade son [X.K.] in handcuffs and locked him in a small room for 4 months[4]
8. DFS employee Matt Hampton refused to give me food stamps to feed my five sons. I was disabled
9. The law enforcers in MO would not investigate the homicide of Bennie Hopkins
10. Officer Sharp of Florissant Police Department filed a false police report on Dec. 15, 2009, when I was threatened to be killed by Darnell Thomas[5]
11. Officer Huskey of St. Louis County Police Dept. refused to file a police report when a man hit me with his car while riding my bike on May 2023
12. I was given multiple traffic tickets by 4 different Police Depts for the same offense
13. DFS worker Amanda Cox illegally and without my permission pulled my 4 son[s] out of there [sic] classrooms in Craig Elementary School and North Middle School, lied to them, telling them I Sidney Keys gave her permission to talk to them, accusing them of sexually abusing a Caucasian neighbor named Madison and my sons are African American
14. The homicide of a 14-year-old African American girl in my home front yard at 1501 Trampe Ave St. Louis, Mo 63138 by St. Louis County Police and paramedics
15. The illegal incarceration of African Americans by the Postal Inspector Service, Inspector L.A. Armstrong, Inspector James Ball, Inspector Gordon, DEA Agents, Andrew Chambers and DEA Dennis Wishner
16. While walking out of QuickTrip Gas Station in St. Ann, Mo multiple St. Ann Police Officers with shotguns, pistols and . . . dogs rushed me yelling, get on

---

887 (8th Cir. 2020). Plaintiff does not indicate if his children are currently minors or if they have reached the age of majority.

[4]This claim appears to be a duplicate of claims brought in *Keys v. Parkway School District*, No. 4:10-CV-869 HEA (E.D.Mo.) (dismissed as frivolous on May 13, 2010) and *Keys v. St. Louis Special School District*, No. 4:10-CV-870 RWS (E.D. Mo. 2010) (case dismissed as frivolous on May 13, 2010). Duplicate claims that have previously been dismissed on in forma pauperis review are barred by res judicata. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992).

[5]This claim, and all other claims that appear to have accrued prior to 2018, are barred by the five-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *See* Mo. Rev. Stat. § 516.120(4); *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005).

4

the ground with your hands up accusing me of robbing QuickTrip gas station, I was actually working for H&R Block enroute to clean a H&R block office located on St. Charles Rock Rd in St. Ann, I had a cleaning contract with H&R Block Pat Stieger Manager of that District. "Sid&Sons Cleaning Service."

17. The medical castration of myself by Dr. Keith Odegard at the Mason Surgery in St. Louis County March 18, 2010 a Postal Service Operation a hate crime for having intercourse with white women in Missouri. Beverly Dillard and Amy Woodson witnessed the castration. Richard Alexander an African American man married to Cyndy Alexander a white woman was also castrated medically.

18. I Sidney Keys was pulled over by 4 different policemen for 4 different municipalities [who] gave me multiple non-moving violations for the same traffic offense, which is illegal, Chesterfield Police Dept., St. Louis City Police Dept., Breckenridge Police Dept. and St. Louis City Police [Dept.]. St. Louis City Police and Breckenridge Policemen purposely gave me a court date on the same day of the other court date. I informed them both before they wrote the new tickets. July 11, 2023, court date.

19. I was illegally arrested at my home located at 11669 Larimore Rd., Spanish Lake, Mo 63138, by a St. Louis County Policewoman. She refused to give me medical attention and she said I am being arrested for trespassing on my own property in my front yard, Porcha Mitchell and my children witnessed the arrest.

In addition to the numbered allegations within the complaint, plaintiff has attached a letter to his complaint written to Vice President Kamala Harris. The letter details difficulties plaintiff has had with his child custody situations, as well as many of the same allegations contained in paragraphs 1-19 of his complaint.

Plaintiff filed two supplements to his complaint on June 8, 2023. [ECF Nos. 5 and 6]. He alleges:

The State of Missouri illegally allow[ed] Kimberly Jackson Cheryle Miller to garnish my postal service disability monthly payment for approximately $35,000 for 5 years and the State of Missouri never and did not do a DNA test on myself Sidney Keys and my alleged son [J.C.J.] which is against Missouri Child Support and Paternity Law.

[ECF No. 5].

Last, plaintiff asserts:

1. The State of Missouri under the direction of Federal Judge John Ross issued an illegal warrant for my arrest to be taken and held at Mercy Hospital located on New Ballas Rd. in Creve Couer, Missouri on Oct. 2010. My biological sister

5

> Alleter Keys Clinton asked Judge John Ross for the illegal warrant in an attempt to gain physical custody and legal custody to hijack the Johns Hopkins estate, m biological grandfather. The estate gross eighty billion dollars monthly that has not yet been transferred into Sidney Keys, Sr.'s name as of June 8, 2023. [6]
> 2. Sheriff Cissell illegally entered my home Oct 2011 with a medical arrest warrant and arrested myself Sidney Keys in front of my son T.M.K.

Plaintiff seeks monetary damages in this action.

## Discussion

The Court finds that plaintiff's claims against the State of Missouri and Governor Mike Parsons, brought pursuant to 42 U.S.C. § 1983, are subject to dismissal.

### A. State of Missouri

First, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). As the State of Missouri is not a "person," plaintiff is missing an essential element of a § 1983 claim. Therefore, the claims against the Missouri Department of Mental Health and the St. Louis Psychiatric Center are subject to dismissal.

Second, plaintiff's claims against these entities, and therefore claims against the State of Missouri, are barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege

---

[6]This claim appears to be a duplicate of the claims in *Keys v. St. John's Mercy Medical Center*, No. 4:11-CV-519 FRB (E.D.Mo. 2011) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on March 25, 2011).

of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

The immunity provided by the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*,

491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles ... within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

In short, sovereign immunity prevents plaintiff from suing the State of Missouri for any type of relief, be it monetary or injunctive. Furthermore, he has not demonstrated that an exception to sovereign immunity is present here. Therefore, for this reason as well, his claims against the State of Missouri must be dismissed.

**B. Governor Mike Parsons**

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is

presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

In this case, Mike Parsons is the Governor of Missouri. As such, an official capacity claim against him is interpreted as a claim against the State of Missouri. To the extent that plaintiff is suing for monetary damages, the official capacity claim must be dismissed because the State of Missouri is not a "person" under 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71 (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); and *Kruger*, 820 F.3d at 301 (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Likewise, a claim for monetary damages against a state official acting in an official capacity is barred by the Eleventh Amendment. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

To the extent that plaintiff seeks injunctive relief, he must demonstrate the liability of the State of Missouri for harming him. *See Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official ... policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"); *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989). Thus, there are three ways in which plaintiff can prove the liability of the State of Missouri.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the [governmental] official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.,* 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.,* 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a [governmental entity] should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [governmental entity's] governing body." *Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a liability claim against a governmental entity by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris,* 489 U.S.

378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the governmental entity "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.,* 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.,* 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk,* 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts supporting the proposition that the State of Missouri has harmed him due to an unconstitutional policy, custom, or failure to train.

First, plaintiff has not established the existence of an unconstitutional policy regarding any of the allegations in his complaint or supplemental pleadings. Certainly, his assertions do not allow the Court to infer that the allegations relating to police actions against him have been because of one unconstitutional policy, either in its entirety or as applied to him. Rather than present allegations in his pleadings focus on the actions of unnamed individuals who he believes acted against him over the course of a decade or more.

Second, plaintiff has not demonstrated that he was harmed by an unconstitutional custom, as he has not shown the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the [State of Missouri's] employees," much less that policymakers

11

were deliberately indifferent to or tacitly authorized such misconduct. Far from describing a "persistent pattern of unconstitutional misconduct," plaintiff's allegations do not adequately describe even a single instance in which a constitutional violation occurred.

Third, plaintiff has not properly alleged that the State of Missouri was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, plaintiff must prove that the state "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this is done by alleging a "pattern of similar constitutional violations by untrained employees." Plaintiff's facts do not show a repeated design utilized by defendants to violate his constitutional rights.

Finally, to the extent that plaintiff might seek to hold the State of Missouri liable for the actions of its employees, the Court notes that a governmental entity cannot be held liable under 42 U.S.C. § 1983 simply because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.,* 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a [governmental entity] ... cannot be liable on a respondeat superior theory").

For all the reasons discussed above, plaintiff has failed to state an official capacity claim against defendant Mike Parsons, and plaintiff's complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of June, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE